United States District Court
Southern District of Texas

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**

December 08, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO.  4:21-cr-350-S2** |
| | § | |
| **(1)  CLARENCE CHRISTOPHER** | § | |
| **CHAMBERS** | § | |
| **aka Chris aka Crazzi Chris,** | § | |
| **(5)  ASIA MONAE HAILEY** | § | |
| **aka Momo,** | § | |
| **(6)  DAMARQUIS MCGEE** | § | |
| **aka Blue aka Lilblue,** | § | |
| **(7)  JAVON YAW OPOKU** | § | |
| **aka Glizzy, and** | § | |
| **(9)  MICHAEL ANTHONY GONZALEZ** | § | |
| **aka Mumbles,** | § | |
| | § | |
| **Defendants.** | § | |

**SECOND SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES THAT:

**INTRODUCTION**

A.   **Sex Trafficking**

1.      The Defendants, along with others known and unknown to the Grand Jury, worked together to recruit minor teenage girls and forced them to engage in commercial sex acts for their financial benefit.

2.      The Defendants worked together to recruit, entice, harbor, transport, provide, obtain, and maintain minor girls and adult victims for the purpose of having them engage in commercial sex in various places, including in motels.

3.      With assistance from one another, the Defendants recruited and trafficked minor teenage girls primarily along the "Bissonnet Track" or "the Blade," an area between West Sam

1

Houston Parkway and 59 South in the Houston, Texas area, and occasionally in other areas, such as the streets by Interstate 45 South and Bellfort.

4.      The Defendants recruited minor victims, sometimes competing for the same young minor teenage girls.  When a minor girl wished to leave one pimp, the girl had a choice of paying an "exit fee" or getting beaten, while the pimps stood by and watched.  It was common for the minor victims to switch between pimps who were operating in and around the same vicinity, as the Defendants did.

5.      The Defendants had their designated areas on the Blade and generally respected each other's "territories," where the victims, including minor victims, were permitted to walk and solicit customers for sex.  Although the Defendants had their respective designated areas on the Blade, they all shared a common objective—to profit from victims, including minor victims, engaging in commercial sex.

6.      The Defendants worked hand in hand to create a climate of fear and ensure compliance from their victims.  For example, if a young girl did not meet her required daily quota of money from sex acts, a Defendant would physically assault her in front of other victims to send a message that such behavior would be punished.

7.      In some cases, the pimps instructed other females to physically assault the victims as punishment for leaving a pimp or for being non-compliant.  Other times, the females worked with the pimps to help to manage, maintain, transport, and collect sex trafficking proceeds from the victims.

   **B.      Sexual Exploitation of Children**

8.      The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

9.     The term "child pornography," for purposes of this Second Superseding Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

"any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

(A)    the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

10.    The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

"actual or simulated -
(i)     sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
(ii)    bestiality; [or]
(iii)   masturbation; [or]
(iv)    sadistic or masochistic abuse; or
(v)     [the] lascivious exhibition of the anus, genitals or pubic area of any person."

11.    The term "computer" is defined, pursuant to Title 18,  United States Code, Sections 2256(6) and 1030(e)(1), as any:

"electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic,  or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator or other similar device."

12.    The term "producing", for purposes of this Second Superseding Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

"producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

13.    The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

3

"undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT 1
(Sex Trafficking Conspiracy)
18 U.S.C. § 1594

14.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

15.     From in or about April 2019, through in or about February 2020, in the Houston Division of the Southern District of Texas and elsewhere, Defendants

**(1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris,
(5) ASIA MONAE HAILEY aka Momo,
(6) DAMARQUIS McGEE aka Blue aka Lilblue,
(7) JAVON YAW OPOKU aka Glizzy, and
(9) MICHAEL ANTHONY GONZALEZ, aka Mumbles**

did knowingly and intentionally conspire with each other and others known and unknown to the Grand Jury, to knowingly recruit, entice harbor, transport, provide, obtain, and maintain one or more persons, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that such persons had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause such persons to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1594 and 1591(a)(1), (b)(1), (b)(2), and (c).

## COUNT 2
(Sex Trafficking of Minor Victim A from June 2019 to August 2019)
18 U.S.C. §§ 1591 and 2.

16.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

17.     From in or about June 2019, through in or about August 2019, in the Houston Division of the Southern District of Texas and elsewhere, Defendant

**(1)  CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris,**

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim A, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim A had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim A to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), (c), and 2.

## COUNT 3
(Kidnapping of Minor Victim A on July 10, 2019)
18 U.S.C. § 1201(a)(1) and (g)(1)

18.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

19.     On or about July 10, 2019, in the Houston Division of the Southern District of Texas and elsewhere, Defendant

**(1)  CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris**

did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold for ransom or reward or otherwise any person, to wit:  Minor Victim A, a person who had not attained the age of eighteen years, and, in committing or in furtherance of the commission of the offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce, in violation of 18 U.S.C. § 1201(a)(1) and (g)(1).

## COUNT 4
(Sexual Exploitation of Minor Victim A in July 2019)
18 U.S.C. § 2251(a) and (e)

20.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 13 of this Second Superseding Indictment.

21.     In or around July 2019, within the Southern District of Texas and elsewhere, Defendant

### (1)  CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris

did employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim A, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, in violation of 18 U.S.C. §2251(a) & (e).

## COUNT 5
(Sex Trafficking of Minor Victim B from August 2019 to February 2020)
18 U.S.C. § 1591

22.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

23.     From in or about August 2019, through in or about February 2020, in the Houston Division of the Southern District of Texas and elsewhere, Defendant

### (6)  DAMARQUIS McGEE aka Blue aka Lilblue

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim B, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact,

6

and having had a reasonable opportunity to observe that Minor Victim B had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim B to engage in one or more commercial sex acts, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), and (c).

## **COUNT 6**
(Sex Trafficking of Minor Victim C in August 2019)
18 U.S.C. §§ 1591 and 2

24.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

25.     In or about August 2019, in the Houston Division of the Southern District of Texas and elsewhere, Defendants

**(6)  DAMARQUIS McGEE aka Blue aka Lilblue, and
(7)  JAVON YAW OPOKU aka Glizzy**

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim C, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim C had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim C to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c) and 2.

7

## COUNT 7
(Sex Trafficking of Minor Victim D from August 2019 to December 2019)
18 U.S.C. § 1591

26.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein

paragraphs 1 through 7 of this Second Superseding Indictment.

27.     From on or about August 2019, through in or about December 2019, in the Houston

Division of the Southern District of Texas and elsewhere, Defendant

### (6)  DAMARQUIS McGEE aka Blue aka Lilblue

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim D, in

and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact,

and having had a reasonable opportunity to observe that Minor Victim D had not attained the age

of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless

disregard of the fact that means of force, fraud, and coercion, and a combination of such means,

would be used to cause Minor Victim D to engage in one or more commercial sex acts, in violation

of 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), and (c).

## COUNT 8
(Sex Trafficking of Minor Victim C from August 2019 to September 2019)
18 U.S.C. § 1591

28.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein

paragraphs 1 through 7 of this Second Superseding Indictment.

29.     From in on or about August 2019, through on or about September 2019, within the

Southern District of Texas and elsewhere, Defendant

### (1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim C, in

8

and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim C had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim C to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c).

### COUNT 9
(Sex Trafficking of Minor Victim E in August 2019)
18 U.S.C. § 1591

30.    The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

31.    From on or about August 28, 2019 through on or about August 29, 2019, within the Southern District of Texas and elsewhere, Defendant

**(1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris**

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim E, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim E had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim E to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c).

9

## COUNT 10
(Sex Trafficking of Minor Victim B in September 2019)
18 U.S.C. § 1591

32.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1-7 of this Second Superseding Indictment.

33.     In or about September 2019, within the Southern District of Texas and elsewhere, Defendant

**(1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris**

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim B, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim B had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim B to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c).

## COUNT 11
(Sex Trafficking of Minor Victim F in September 2019)
18 U.S.C. § 1591

34.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

35.     In on or about September 2019, within the Southern District of Texas and elsewhere, Defendant

**(1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris**

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim F, in

10

and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim F had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim F to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c).

## COUNT 12
(Sex Trafficking of Minor Victim G from September 2-3, 2019)
18 U.S.C. §§ 1591 and 2.

36.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

37.     From on or about September 2, 2019 through on or about September 3, 2019, in the Houston Division of the Southern District of Texas and elsewhere, Defendant

**(9)  MICHAEL ANTHONY GONZALEZ aka Mumbles**

did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain Minor Victim G, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim G had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 2.

## COUNT 13
(Kidnapping of Minor Victim F on September 10, 2019)
18 U.S.C. § 1201(a)(1) and (g)(1)

38.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

39.     On or about September 10, 2019, in the Houston Division of the Southern District of Texas and elsewhere, Defendant

**(6) DAMARQUIS McGEE aka Blue aka Lilblue**

did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold for ransom or reward or otherwise any person, to wit:  Minor Victim F, a person who had not attained the age of eighteen years, and, in committing or in furtherance of the commission of the offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce, in violation of 18 U.S.C. § 1201(a)(1) and (g)(1).

**COUNT 14**
(Sex Trafficking of Minor Victim H in October 2019)
18 U.S.C. §§ 1591 and 2

40.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein paragraphs 1 through 7 of this Second Superseding Indictment.

41.     In or about October 2019, within the Southern District of Texas and elsewhere, the Defendant

**(6) DAMARQUIS McGEE aka Blue aka Lilblue**

did knowingly recruit, entice harbor, transport, provide, obtain, and maintain Minor Victim H, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe that Minor Victim H had not attained the age of 18 years and would be caused to engage in a commercial sex act, and (2) knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a combination of such means, would be used to cause Minor Victim H to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), and (c) and 2.

12

## COUNT 15
(Attempted Sex Trafficking of Minor Victim C in October 2019)
18 U.S.C. § 1594

42.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein

paragraphs 1 through 7 of this Second Superseding Indictment.

43.     In or about October 2019, within the Southern District of Texas and elsewhere, the

Defendant

### (7)  JAVON YAW OPOKU aka Glizzy

did knowingly attempt to recruit, entice harbor, transport, provide, obtain, and maintain Minor

Victim C, in and affecting interstate and foreign commerce, (1) knowing and in reckless disregard

of the fact, and having had a reasonable opportunity to observe that Minor Victim C had not

attained the age of 18 years and would be caused to engage in a commercial sex act, and (2)

knowing and in reckless disregard of the fact that means of force, fraud, and coercion, and a

combination of such means, would be used to cause Minor Victim C to engage in one or more

commercial sex acts, in violation of 18 U.S.C. §§ 1594 and 1591(a)(1), (b)(1), (b)(2), and (c).

## COUNT 16
(Sex Trafficking of Adult Victim from August to September 2019)
18 U.S.C. § 1591

44.     The Grand Jury re-alleges and incorporates by reference as if fully stated herein

paragraphs 1 through 7 of this Second Superseding Indictment.

45.     From in or about August 2019 through in or about September 2019, in the Houston

Division of the Southern District of Texas and elsewhere, Defendant

### (9)  MICHAEL ANTHONY GONZALEZ, aka Mumbles

did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain Victim K, in and

affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that means

of force, fraud, and coercion, and a combination of such means, would be used to cause Victim K

to engage in one or more commercial sex acts, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1).

## **NOTICE OF FORFEITURE**

46.   Pursuant to 18 U.S.C. § 1594(d), the United States gives notice to Defendants,

**(1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris,**
**(5) ASIA MONAE HAILEY aka Momo,**
**(6) DAMARQUIS McGEE aka Blue aka Lilblue,**
**(7) JAVON YAW OPOKU aka Glizzy, and**
**(9) MICHAEL ANTHONY GONZALEZ, aka Mumbles**

that upon their conviction of any of Counts 1, 2, 5 through 12, and 14 through 16 of the Second

Superseding Indictment, the United States intends to seek forfeiture of:

(A)   all property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and

(B)   all property, real or personal, that constitutes or is derived from any proceeds obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

## **NOTICE OF FORFEITURE**

47.   Pursuant to 18 U.S.C. § 2253(a), the United States gives the Defendant

**(1) CLARENCE CHRISTOPHER CHAMBERS aka Chris aka Crazzi Chris,**

notice that in the event of conviction for the offenses charged in Count 4 of the Second

Superseding Indictment, the following is subject to forfeiture:

(1)   all visual depictions described in 18 U.S.C. § 2251, or all books, magazines, periodicals, films, videotapes, or other matter which contain any such visual

14

depictions, which were produced, transported, mailed, shipped or received in violation of 18 U.S.C. Chp. 110;

(2)     all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

(3)     all property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or all property traceable to such property

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States intends to seek the imposition of a money judgment against each Defendant.  Defendants are notified that in the event that one or more conditions listed in 21 U.S.C. § 853(p) exists, the United States will seek to forfeit any other property of each Defendant up to the amount of the money judgment against that Defendant.

TRUE BILL:

ORIGINAL SIGNATURE ON FILE

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By:

Richard W. Bennett
Eun Kate Suh
Assistant United States Attorneys