UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:21-CR-350-2S |
| CLARENCE CHRISTOPHER CHAMBERS (1) aka Chris aka Crazzi Chris, | § § § § § | |
| Defendant. | § | |

### UNITED STATES' MOTION IN LIMINE CONCERNING IMPEACHENT BY PRIOR INCONSISTENT STATEMENT

The United States of America, files this Motion in Limine excluding the Defendant from attempting to impeach a witness with a prior inconsistent statement when that statement is not, in fact, the witness' own statement and is a report authored by law enforcement.

### BACKGROUND

Defendant Clarence Christopher Chambers aka Chris aka Crazzi Chris (Defendant or Chambers) is charged with Conspiracy to Commit Sex Trafficking (Count 1), five counts of sex trafficking of Minor Victims A, B, C, E, and F (Counts 2, 8-11), Kidnapping of Minor Victim A, (Count 3), and Sexual Exploitation of Minor Victim A (Count 4). *See* ECF No. 263 (Second Superseding Indictment).

A total of nine defendants were charged with conspiracy to commit sex trafficking. Defendants, who are affiliated Crips gang members, worked with one another to recruit and force young teenage girls and women to engage in commercial

1

sex acts for money, primarily in the Houston, Texas area. All other codefendants have pled guilty, and Defendant Chambers is set for trial on December 1, 2025.

## DISCUSSION

In the course of this investigation, the victims and witnesses have been interviewed on numerous occasions by law enforcement officers from different agencies, such as the Houston Police Department (HPD) and Homeland Security Investigations (HSI). Some of those interviews were recorded by video or audio by law enforcement or at the Child Advocacy Center and thus, contain the exact words of the victims and witnesses. Others were not recorded. Instead, the law enforcement officers would later broadly summarize these interviews in their reports. These reports are general, after-the-fact summaries of these interviews to help the officers conduct their overall investigation.

While the United States anticipates that its witnesses will testify consistently with their prior accounts, time, fear, nerves, and trauma are the enemy of sharp memory, especially as it relates to small details.

Federal Rule of Evidence 607 provides that any party can attack a witness' credibility. "One common method of doing so is to impeach the witness with a prior inconsistent statement made by that witness. When proof of such a statement goes beyond merely questioning the testifying witness and, therefore, involves the use of extrinsic evidence, FRE 613 is the controlling rule." *United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *3 (E.D. La. Nov. 1, 2016) (citation omitted); *see* FED. R.

EVID. 613 (Witness Prior Statement). "[P]roof of such a statement may be elicited by extrinsic evidence only if the witness on cross-examination denies having made the statement." *United States v. Devine*, 934 F.2d 1325, 1344 (5th Cir. 1991).

Accordingly, if a testifying witness denies making a prior inconsistent statement in an earlier video or audio recording, under Rule 613(b), that witness may then be impeached with that video or audio recorded statement because that statement is the witness's own words. In such situations, the witness can be cross-examined and impeached using the extrinsic evidence of their prior video or audio statement (or a transcript of that statement).

Importantly for purposes of this motion, however, a witness **cannot** be impeached using police reports containing summaries of the witness's statements, unless the witness has reviewed that report and actually adopted it. Such summaries are not the witness's own statement, and do not satisfy Rule 613. *See, e.g., United States v. Severson*, 49 F.3d 268, 271-72 (7th Cir. 1995); *United States v. Schoenborn*, 4 F.3d 1424, 1427 (7th Cir. 1993) (explaining that a third party's characterization of a statement is not the same as an actual prior statement, unless the witness subscribed to that characterization); *United States v. Burton*, 387 F. App'x. 635, 638 (7th Cir. 2010) (same); *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) (same). Such summaries are **not** the testifying witness's statement, but rather the statement of the police officer or whoever summarized the victim's interview. As a summary of what a testifying witness said is not actually a statement of the testifying witness, under Rule

3

613, these summaries cannot themselves be used to impeach the testifying witness. *See United States v. Bao*, 189 F.3d 860, 866 (9th Cir. 1999) ("Only the declarant of the prior inconsistent statement, not another witness, may be impeached with the statement."); *United States v. Tarantino*, 846 F.2d 1384, 1416 (D.C. Cir. 1988) ("Witnesses are not impeached by prior inconsistent statements of other witnesses, but by their own prior inconsistent statements."). The Second Circuit explained the rationale underlying Rule 613:

> The Federal Rules of Evidence allow the introduction of a prior inconsistent statement to impeach a witness's testimony. We have held, however, that a "third party's characterization" of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization. [citation omitted]. Thus, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words. ***The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible***.

*United States v. Almonte*, 956 F.2d 27, 29 (2nd Cir. 1992) (emphasis added) (citation omitted).

Often this situation arises with respect to law enforcement memos of interviews, such as HSI's Reports of Investigation (ROIs). ROIs are reports written by HSI agents that summarize the investigative steps the agent has taken during the course of their investigation. These reports often include broad summaries of their interviews with witnesses. However, the ROIs are not verbatim transcripts of those witness's

4

statements and, as such, are not admissible as prior inconsistent statements under Rule 613. *See e.g., United States v. Amato*, No. 03-CR-1382, 2006 WL 1891113, at *5 (E.D.N.Y. June 27, 2006) (finding that "the [FBI] 302s[1] themselves are not admissible as prior inconsistent statements under Rule 613(b) because the 302s are not verbatim transcripts and [the witness] did not endorse them"); *United States v. Kot*, No. 2:10-CR-280, 2012 WL 1657118, at *2, (D. Nev. May 10, 2012) (granting government's motion in limine precluding the defendant from using agent's reports "to impeach witnesses on the basis of inconsistent statements, because the statements are not the statements of the witnesses themselves").

To illustrate, if a witness testifies inconsistently with a previous video or audio recorded statement containing the exact words of the witness, counsel can ask that witness if he or she told law enforcement or an interviewer something different previously, and, if the witness denies it, can then admit the portion of the video recording transcript containing the inconsistency as extrinsic evidence of the impeachment.

However, if a witness provides testimony that is inconsistent with an agent's ROI containing a broad summary of the agent's interview with the witness, and that summary has not been reviewed and explicitly adopted[2] by the witness, counsel is

---

[1] An FBI 302 is the equivalent of an HSI ROI.
[2] A third party's statement can be used to impeach a witness only if the witness explicitly adopted the statement as his own. *See United States v. Wimberly*, 60 F.3d 281, 286 (7th Cir. 1995) (explaining that a witness adopted a statement when she read an agent's report, made corrections, and signed the document).

limited to asking the witness only if he or she told the agent something different. If the witness denies it, the attempt to impeach with that particular witness must end. *See United States v. Adams,* 56 F.3d 737, 744-45 (7th Cir. 1995) (if an attorney begins the impeachment process thinking the witness had made a previous statement, but the witness denies adopting that statement, and the attorney can offer no further proof that the witness made the adopting statement, the impeachment must cease).

Importantly, counsel cannot attempt to admit the ROI and try to use it as a basis to directly impeach the witness. The law enforcement report is **not** the testifying witness's statement and cannot serve as extrinsic evidence of a prior inconsistent statement under Rule 613(b). Indeed, counsel should not use the law enforcement report "in a way that suggests to the jury that the 302 is a statement of the witness" because doing so might confuse the jury and lead them to erroneously conclude there is a prior inconsistent statement when, in fact, there is not one. *See Kot*, 2012 WL 1657118, at *2 (granting government's motion in limine precluding the defendant from using FBI 302s to impeach witnesses on the basis of prior inconsistent statements and noting that the defense may not use the 302 in a way that suggests the 302 is a statement of the witness).

To be sure, if counsel wishes to "complete" the impeachment of the witness, the appropriate method is to call to the stand the agent who wrote the ROI and ask that agent what the previously testifying witness said. That agent can then explain in greater detail what the previously testifying witness said about the issue. In other words, the

agent's testimony serves as the "extrinsic evidence" of the prior inconsistency. *See United States v. Lay*, 644 F.2d 1087, 1090 (5th Cir. Unit A 1981). The ROI itself, however, is still ***not*** admissible as extrinsic evidence under Rule 613(b).[3]

In *United States v. Crinel*, No. 15-61, 2016 WL 6441249 at *2-5 (E.D. La. Nov. 1, 2016) (Morgan, J.), the court confronted a virtually identical government motion in limine precluding a defendant from attempting to use reports authored by law enforcement agents to impeach the government's witnesses at trial. In its ruling granting the government's motion in limine, the Court ruled:

> IT IS ORDERED that a law enforcement agent's interview report may be used for impeachment of the witness who allegedly made the statement only if the report has been signed, adopted, or is a substantially verbatim report of the witness interview. If the defense believes statements in a report meet this requirement, the Defendant must request an evidentiary hearing prior to trial to obtain testimony from both the law enforcement agent and the Government witness in order to establish a proper foundation for the admission of the extrinsic evidence in connection with the cross-examination of the witness who allegedly made the statement. If the proper foundation is established that the report was signed or adopted by the witness or is a verbatim report of the witness interview, statements in the agent's report may be used during cross-examination of the witness who allegedly made the statement for purposes of impeachment. If the proper foundation is not laid, ***the defense is limited to questioning the Government witness about whether he or she talked to the law enforcement agent, and if so, the defense may ask the witness whether he or she made the statement in question to the Government agent. The defense may not read directly from the law enforcement agent's report.***
>
> If the necessary foundation is not laid but the witness' testimony is inconsistent with language in the report, the defense may question the agent who made the report about whether the statement was made to him

---

[3] Of course, the ROI would be admissible if the HSI agent's trial testimony contradicted her own statements in the ROI. If that were to happen, the ROI could be used as extrinsic evidence of the agent's prior inconsistent statement.

7

or her. The defense may then impeach the Government witness who allegedly made the statement by the testimony of the agent as to what the witness told him during the investigation. This testimony is admissible not for the truth of the matter asserted but for impeachment purposes.

*See id*. at *4-5 (omitting footnote containing case citation) (emphasis added). The United States seeks a similar order in this case.

                    Respectfully submitted,

                    NICHOLAS J. GANJEI
                    United States Attorney

By:   */s/ Kate Suh*
                    Kate A. Suh
                    Sharad S. Khandelwal
                    Amanda Renee Alum
                    Assistant United States Attorneys
                    U.S. Attorney's Office, S.D. Texas
                    Tel: (713) 567-9000

**Certificate of Service**

  I certify that, on the date this was filed with the Court, a copy of the foregoing was provided to counsel for Defendant via ECF and/or e-mail.

             */s/ Kate Suh*
             Kate Suh
             Assistant U.S. Attorney

**Certificate of Conference**

  Counsel has filed a motion to withdraw, which is currently pending and the parties have not reached an agreement on any prior pretrial motions at this time. Thus, the United States presumes that the Defendant is opposed.

             */s/ Kate Suh*
             Kate Suh
             Assistant U.S. Attorney