UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | |
| § | |
| § | |
| CLARENCE CHRISTOPHER § | |
| CHAMBERS § | |
| aka Crazzi Chris § | Case No. 4:21-cr-350 S2 (01) |
| § | |
| Defendant. § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Eun Kate Suh, Sharad Khandelwal, and Amanda Alum, Assistant United States Attorneys, and the Defendant, Clarence Christopher Chambers ("Defendant"), and Defendant's counsel, Alex Rosa-Ambert and Devin Prater, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1, 2, 8, and 11 of the Second Superseding Indictment. Count 1 charges the Defendant with Conspiracy to Commit Sex Trafficking in violation of Title 18, United States Code, Section 1594(c) and 1591(a)(1), (b)(1), (b)(2), and (c). Counts 2, 8 and 11 charge the Defendant with sex trafficking of a minor through force, fraud, or coercion, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), (b)(2), and (c). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Second Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

1

**Punishment Range**

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Sections 1594(c) and 1591(a)(1), (b)(1), and (b)(2) and (c) is any term of years or up to life imprisonment and a fine of not more than $250,000. Th statutory maximum penalty for each violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1) is a mandatory minimum of 15 years or up to life imprisonment and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least five years and up to life. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, sections 3559(a)(1) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5,000.00) per

count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this

Agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

9. The United States agrees to the following:

    (a) If the Defendant pleads guilty to Counts 1, 2, 8, and 11 of the Second Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Second Superseding

Indictment at the time of sentencing and recommend a sentence of no more than 35 years. The Defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party' within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Agreement Binding-Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas will not further criminally prosecute the Defendant in the Southern District of Texas for the specific conduct described in the Second Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.  Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute or order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

13.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this Plea Agreement.  Defendant understands that the rights of a defendant include the following:

(a) If the Defendant persisted in a plea of not guilty to the charges, the Defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for Defendant would not appear

        voluntarily, the Defendant could require their attendance through the subpoena power of the court; and

    (c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of Counts 1, 2, 8, and 11 of the Second Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

From in or about June 2019 through in or about September 2019, the Defendant, aka Chris aka Crazzi Chris, knowingly, trafficked Minor Victims A, C, and F (collectively, Minor Victims) for commercial sex for the Defendant's financial gain, and conspired with others to do so.

The Minor Victims were trafficked in Houston, Texas, in different areas, including Bissonnet Street, Bellfort Avenue, and Tidwell Road, in Houston, Texas. These areas were referred to as "blades," and areas known for commercial sex and are within the Southern District of Texas.

From in or around June 2019 through in or around August 2019, the Defendant trafficked Minor Victim A, who was 17 years old at the time. Commercial sex ads of Minor Victim A were posted online with photos of the minor victim and listed the Defendant's phone number 832-939-7571. The Defendant and his co-conspirators also transported Minor Victim A to the different blades in Houston, Texas, to solicit clients for commercial sex. The money earned from the sex acts were turned over to the Defendant. Minor Victim A stayed with the Defendant at times at different residences, including a house at 3118 Barberry Drive, Unit A, in Houston, Texas.

In or around August 2019 to early September 2019, the Defendant trafficked Minor Victim C for commercial sex. Minor Victim C was 15 years old at the time. Commercial sex ads were posted online of Minor Victim C, using the Defendant's phone number. The Defendant and others also transported Minor Victim C to the blades to solicit clients for sex. Because the Minor Victims did not have transportation or a driver's license, the Defendant picked up the minor victims and drove them to the blades to engage in commercial sex. The money was provided to the Defendant. Minor Victim C recruited Minor Victim F, who was 16 years old, to work for the Defendant until September 11, 2019, when the Defendant was arrested. At the time of his arrest, Minor Victim F was in the Defendant's car.

When the Minor Victims did not comply with the Defendant's instructions, the Defendant used force, fraud, or coercive methods so that the Minor Victims would continue to work for him and engage in commercial sex acts.

Between June to September 2019, the Defendant purchased food, clothing, and condoms for Minor Victims A, C, and F. To communicate with and traffic the Minor Victims for commercial sex, the Defendant used his cellphone and the internet, which are facilities of interstate commerce. The Defendant was physically in the presence of the Minor Victims and had a reasonable opportunity to observe them.

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful

with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of Paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appear or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Restitution**

18. Defendant agrees to pay full restitution to the victim(s), regardless of the count(s) of conviction. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable

immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

### Forfeiture

19. Defendant stipulates and agrees that any applicable property listed in the Second Superseding Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

21. Defendant consents to any order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

22. Subject to the provisions of Paragraph 5 above, Defendant waives the right to challenge any applicable forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Financial Statement

23. Defendant agrees to truthfully complete under penalty of perjury, within 30 days of the execution of this Plea Agreement, a financial statement on a form provide by the United States Attorney's Office and to update the statement within seven (7) days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office for all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

24. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Notification of the Sex Offender Registration and Notification Act

25. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

26. This written Plea Agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant

acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on 11/24, 2025.

_____
Clarence Christopher Chambers
Defendant

Subscribed and sworn to before me on November 24, 2025.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By: _____
Eun Kate Suh
Sharad S. Khandelwal
Amanda R. Alum
Assistant United States Attorneys

_____
Alex Rosa-Ambert
Devin Prater
Assistant Federal Public Defenders

12

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | |
| § | |
| CLARENCE CHRISTOPHER § | |
| CHAMBERS § | |
| aka Crazzi Chris § | Case No. 4:21-cr-350 S2 (01) |
| Defendant. § | |

## PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          11/24/25
Alex Rosa-Ambert                          Date
Devin Prater
Assistant Federal Public Defenders

13

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          __11/24/25__
Clarence Christopher Chambers              Date
Defendant